UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANTHONY J. MANHART, **Chapter 7 Trustee,**     **Plaintiff,**         v. **LITITZ MUTUAL INSURANCE COMPANY,**     **Defendant.** | ) ) ) ) ) ) ) 1:21-cv-00335-JDL ) ) ) ) ) ) |

**ORDER ON PLAINTIFF'S MOTION TO LIMIT TESTIMONY OF EXPERTS**

This is an adversary proceeding brought by a Chapter 7 bankruptcy trustee against an insurance company that issued a homeowners' insurance policy to the bankruptcy debtors, Donna and George Mitchell. I previously granted (ECF No. 1) Defendant Lititz Mutual Insurance Company's ("Lititz") motion to withdraw the reference of this proceeding from the U.S. Bankruptcy Court for the District of Maine on November 26, 2021. Plaintiff Anthony J. Manhart, the Chapter 7 trustee, alleges breach of contract and bad faith in relation to a fire-loss claim under the homeowners' insurance policy between Lititz and the debtors.

A central issue in this dispute is whether the debtors had an obligation under the policy to submit to examination under oath, which Lititz argues was necessary to address the company's doubts about the debtors' insurable interest in the property, among other issues. At the Local Rule 56(h) conference on January 4, 2022, I deferred establishing deadlines for the parties' summary judgment motions until after I decide any *Daubert*/*Kumho* motions (ECF No. 8). Manhart filed a Motion to Limit Testimony

1

of Experts (ECF No. 9) on January 13, 2022, that raises two issues. His motion seeks to exclude the opinions contained in Lititz's second supplemental expert witness disclosure. The motion also requests an order excluding testimony from Lititz's expert witnesses on questions of law. For the following reasons, I deny Manhart's motion.

### I. SECOND SUPPLEMENTAL EXPERT WITNESS DISCLOSURE

Lititz represents that, following an order by the Bankruptcy Court granting Lititz's motion to compel, a hospital produced certain medical records in August 2021 that show that the debtors moved from Pennsylvania (the location of the property subject to the fire-loss claim) to Maryland in 2014 and then to Maine in 2016. Manhart states that Lititz provided the medical records to him on August 9, 2021. On October 21, 2021, Lititz served on Manhart its second supplemental expert witness disclosure, in which both of Lititz's expert witnesses refer to the medical records. Manhart objects to Lititz's second supplemental expert witness disclosure as being untimely because the deadline for the completion of discovery was September 12, 2021.

"If a party's expert disclosure is untimely, 'the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *Goldenson v. Steffens*, No. 2:10-CV-440, 2012 WL 2603143, at *2 (D. Me. July 5, 2012) (quoting Fed. R. Civ. P. 37(c)(1)). "In the absence of harm to a party, a district court may not invoke the severe exclusionary penalty provided for by [Federal Rule of Civil Procedure] 37(c)(1)." *Zampierollo-Rheinfeldt v. Ingersoll-Rand de P.R., Inc.*, 999 F.3d 37, 47 (1st

2

Cir. 2021) (alteration omitted) (quoting *Cruz-Vázquez v. Mennonite Gen. Hosp., Inc.*, 613 F.3d 54, 58 n.1 (1st Cir. 2010)). The burden to show substantial justification or harmlessness belongs to the party that made the late disclosure. *Eldridge v. Gordon Bros.*, 863 F.3d 66, 85 (1st Cir. 2017).

Lititz argues that the timing of the disclosure was substantially justified and is harmless because Lititz provided copies of the records to Manhart when they were produced by the hospital in August 2021; Manhart was already aware that Lititz was investigating whether the debtors had misrepresented their use of the subject property; the experts' reports were supplemented approximately two months after Lititz received the records (which had occurred only after a motion to compel); and the experts' conclusions were not altered by the newly produced records. These assertions are essentially unrebutted by Manhart, who simply counters that he was not aware that the records would form the basis for Lititz's expert's opinions.

In his first supplemental report, Dan Kohane (one of Lititz's two expert witnesses) opined that the debtors' refusal to attend an examination under oath was prejudicial to Lititz because the company was unable to ascertain the existence or extent of their insurable interest. His second supplemental report does not alter that opinion; he simply adds that the medical records are "further evidence" of the prejudice that Lititz suffered when the debtors declined to be questioned, as the records reveal that an examination would have uncovered information unfavorable to the debtors. ECF No. 9-4 at 22. Similarly, the first supplemental report of Andrew Sysak (Lititz's other expert witness) specified that Sysak was expected to testify that the debtors' failure to appear for examination under oath prevented Lititz from

3

conducting a complete investigation of their claim, including coverage issues concerning insurable interest. His second supplementation adds that he expects to refer to the newly discovered medical records and that they indicate that the debtors moved to Maryland and then to Maine.

On the foregoing facts, Lititz has carried its burden to show that its late supplementation of its experts' reports was both substantially justified and harmless. The supplementation does no more than bolster the expert witnesses' previously expressed opinions by referring to newly discovered evidence that Manhart has had equal access to. *Cf. Curet-Velázquez v. ACEMLA de P.R., Inc.*, 656 F.3d 47, 56 (1st Cir. 2011) (holding that a district court did not abuse its discretion in concluding that no amended expert report was necessary and allowing an expert to testify at trial when the testimony "briefly referenced new documents," in part because the testimony "did not evidence a different conclusion or opinion from that expressed in his report" and there was no "unfair surprise"). Manhart has not suggested any concrete ways in which he is prejudiced by the supplementation, nor has he sought to reopen discovery. Further, because the parties have not yet filed summary judgment motions, the supplementation does not result in any substantial added expense. Finally, the roughly two-month timeframe in which Lititz obtained the records in August and then submitted its second supplemental expert witness disclosure was not unusually long.

For the foregoing reasons, Manhart's motion is denied with respect to the second supplemental expert witness disclosure.

## II.  TESTIMONY ON ISSUES OF LAW

Manhart also argues that both of Lititz's expert witnesses should be prevented from testifying about matters of law, including the interpretation of the insurance policy.  Lititz responds that its experts should be allowed to offer expert testimony on law-related topics such as the legal advice Lititz received and relevant customs and practices of the insurance industry, and that it does not intend to elicit expert testimony at trial that the debtors breached the insurance policy.

Without knowing the specific expert testimony Lititz intends to introduce and for what purpose, it is inadvisable to decide the scope of permissible expert opinion testimony in this case in the abstract.  Therefore, I deny Manhart's motion as to this issue, but I do so without prejudice to Manhart reasserting his objections when the parties present their summary judgment motions.  *See* Local Rule 56(e) ("If a party contends that an individual statement of fact should not be considered by the court, the party may include as part of the response that the statement of fact 'should be stricken' with a brief statement of the reason(s) and the authority or record citation in support.").

## III.  CONCLUSION

Manhart's Motion to Limit Testimony of Experts (ECF No. 9) is **DENIED**.  The Clerk's Office is directed to schedule a conference of counsel at which the Court will establish deadlines for the parties' summary judgment motions.

SO ORDERED.

Dated: June 6, 2022

_____/s/ JON D. LEVY_____
**CHIEF U.S. DISTRICT JUDGE**